```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA

CHRIS GARRETT,                  )
                                )
               Plaintiff,       )        4:07CV3186
                                )
        v.                      )
                                )
UNION PACIFIC RAILROAD          )        MEMORANDUM AND ORDER
COMPANY,                        )
                                )
               Defendant.       )
                                )
```

Pending before me are:

1. The defendant's motion for extension of the summary judgment deadline, filing 35, and;

2. The plaintiff's motion for an order shortening the defendant's deadline for producing documents requested in plaintiff's notices of deposition duces tecum, filing 36.

These motions are interrelated in that any court ruling continuing the summary judgment deadline affects whether the defendant should be ordered to provide an expedited response to the plaintiff's notices of depositions duces tecum.

The defendant seeks a three-week extension of the summary judgment deadline because the plaintiff's deposition will not be taken until the day before the deposition deadline currently set for February 15, 2008. Filing 22. The defendant requests that the summary judgment deadline be continued to March 7, 2008. The plaintiff does not object to the defendant's motion, but does request an additional two weeks (to April 11, 2008) to respond to

any summary judgment motion filed because plaintiff's counsel will be out of the country on March 7, 2008.

As to the plaintiff's motion to shorten the time for producing documents responsive to plaintiff's notices of deposition duces tecum, (filing 36), the plaintiff states a shortened response deadline is necessary because depositions of defendant's employees, Mike Wall and Rod Hawker, who live in Salt Lake City can be taken in Omaha on February 22, 2008.  The defendant objects to the plaintiff's motion because: 1) the plaintiff did not meet and confer with defense counsel before filing the motion; 2) the plaintiff is requesting documents beyond those previously requested in written document production requests and the defendant may raise objections to the production of some of the documents requested in the deposition notices; and 3) time is not of the essence because Mr. Wall and Mr. Hawker can be deposed in Omaha during the week of March 17, 2008.  The defendant does not object to extending the plaintiff's summary judgment response time to accommodate receiving the transcripts of the depositions of Mr. Wall and Mr. Hawker.

Under the current scheduling order, the deposition deadline is May 2, 2008.  The pretrial conference is set for June 17, 2008 and the case is set to commence at the court's call during the week of July 7, 2008.  Neither party advocates changing any of these deadlines.

To facilitate the foreseeable scheduling issues in this case, the summary judgment deadline will be extended.  However, to accommodate the plaintiff's scheduling needs and permit the plaintiff to obtain depositions that may be responsive to any summary judgment motion filed by the defendant, the summary

2

judgment deadline will be extended to March 19, 2008 rather than March 7, 2008.

Since the summary judgment deadline will be extended to March 19, 2008, the plaintiff can and will be required to meet and confer with defense counsel in a good faith attempt to resolve the discovery dispute over the documents requested pursuant to plaintiff's notices of deposition duces tecum.  The purpose of the meet and confer provision of Nebraska Civil Rule 7.1(i) is to require the parties to accept the initial responsibility of resolving any disputes over disclosure of information.  Counsel and the parties focus on the details of a case over a period of months and are much more informed concerning the disputed issues, the scope of discovery requested, and the extent of discovery previously exchanged.  The parties are therefore better equipped to engage in informed discussions and potentially resolve disputes over pretrial disclosures of evidence or discovery.  Although court intervention is sometimes necessary, the laboring oar for resolving discovery disputes should, and under this court's rules, does rest in the first instance with the parties.  Requiring the parties to engage in good faith discussions before filing discovery motions allows for faster case progression and a more efficient use of judicial and attorney resources.

IT THEREFORE HEREBY IS ORDERED:

1. The plaintiff's motion for an order shortening the defendant's deadline for producing documents requested in plaintiff's notices of deposition duces tecum, filing 36, is denied.

2. The defendant's motion for extension of the summary judgment deadline, filing 35, is granted in part as follows:  The deadline for filing summary judgment

   motions is extended to March 19, 2008.  Responses shall be filed on or before April 11, 2008, and any reply shall be filed on or before April 18, 2008.

c. In all other respects, the court's final scheduling order for progression of this case, filing 22, remains in effect.

DATED this 13th day of February, 2008.

        BY THE COURT:

        s/ *David L. Piester*
        David L. Piester
        United States Magistrate Judge